IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE J. HARRISON, <br> # B-78509, <br> <br> Plaintiff, <br> <br> vs. <br> <br> WARDEN HARRITON, <br> SGT. FORESTEIN, <br> and LT. BROOKMAN, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 15-cv-00118-SMY <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Willie Harrison, an inmate who is in the custody of the Illinois Department of Corrections and is housed at Menard Correctional Center ("Menard"), brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680 (Doc. 1, p. 1). Plaintiff claims that he was injured at Menard on August 20, 2012, due to the negligence of three Menard officials, including Warden Harriton, Sergeant Forestein, and Lieutenant Brookman (Doc. 1, p. 5). He seeks compensatory damages (Doc. 1, p. 6).

### Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). As discussed in more detail below, Plaintiff's complaint does not survive preliminary review under Section 1915A and shall be dismissed.

### The Complaint

According to the complaint, Plaintiff's head was injured when he fainted in Menard's chapel on August 20, 2012 (Doc. 1, p. 5). In the three hours leading up to this injury, Defendants Forestein and Brookman assembled a large number of inmates in the chapel. They both wielded riot sticks and threatened the inmates with physical harm, if they failed to stand shoulder-to-shoulder with their foreheads pressed against the brick wall of the chapel.

As the temperature soared to ninety-four degrees Fahrenheit, Plaintiff lost consciousness. He fell to the floor, hitting his head. The wound required almost eight stitches. Plaintiff filed a grievance to complain about the incident, but it was denied at all levels as untimely (Doc. 1, p. 4; Doc. 3).

Plaintiff now sues Defendants Forestein, Brookman, and Harriton for negligence under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680 (Doc. 1, p. 5). He seeks compensatory damages (Doc. 1, p. 6). For the reasons set forth below, the complaint shall be dismissed.

## Discussion

Plaintiff pursues negligence claims against Defendants Forestein, Brookman, and Harriton under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680. The FTCA provides jurisdiction for suits against the United States regarding torts committed by federal officials, not state officials. All three defendants are state officials. Therefore, the FTCA claims against them must be dismissed. This is the only basis for relief that Plaintiff included in the complaint.

Even if Plaintiff had pursued his negligence claim against these officials under 42 U.S.C. § 1983, his complaint would have fared no better. "Section 1983 creates a federal remedy against anyone who, under color of state law, deprives 'any citizen of the United States . . . of any rights, privileges, or immunities secured by the Constitution and laws.'" *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012) (quoting 42 U.S.C. § 1983). A defendant can never be held liable under Section 1983 for negligence, or even gross negligence. *Gomez v. Randle*, 680 F.3d 859, 864

(7th Cir. 2012). Therefore, Plaintiff's negligence claims would be subject to dismissal in an action brought pursuant to Section 1983 as well.

In fact, even an Eighth Amendment claim brought pursuant to Section 1983 would fail because it is quite clearly time-barred. "The limitations period for [Section] 1983 claims is based in state law, and the statute of limitations for [Section] 1983 actions in Illinois is two years." *O'Gorman v. City of Chicago*, --- F.3d ---, 2015 WL 310162 (7th Cir., Jan. 26, 2015) (citing *Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014); *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). The date that the claim accrues and starts the limitations period running is a matter of federal law, and "generally occurs when a plaintiff knows the fact and the cause of an injury." *Id.* (citing *Moore*, 771 F.3d at 447; *Wallace*, 549 U.S. at 388). The isolated incident described in the complaint occurred in July 2012. Therefore, Plaintiff should have brought his claim in a Section 1983 action within two years of that date. Plaintiff filed this action on February 2, 2015, well beyond this two-year limitations period. Accordingly, the complaint, even if brought pursuant to Section 1983, would be subject to dismissal.

For the reasons set forth herein, Plaintiff's complaint shall be dismissed, and the dismissal shall be with prejudice.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendants **HARRITON, FORESTEIN,** and **BROOKMAN** are **DISMISSED** with prejudice.

**IT IS ALSO ORDERED** that Plaintiff's pending motion for hearing (Doc. 5) is **DENIED** as **MOOT**.

Plaintiff is **ADVISED** that this dismissal shall count as a "strike" under the provisions of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal the dismissal of this case, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[1] FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly

**IT IS SO ORDERED.**

**DATED:  March 12, 2015**

s/ STACI M. YANDLE<br>**U.S. District Judge**

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).